UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO
Judge Nina Y. Wang

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-cv-1344-NYW |
| CLEARWATER COLLECTION 15, LLC, ) | |
| ) | Bankruptcy No. 22-11320 |
| ) | Chapter 11 |
| and ) | |
| ) | |
| ) | |
| CLEARWATER PLAINFIELD 15, LLC, ) | Bankruptcy No. 22-11321 |
| ) | Chapter 11 |
| ) | |
| Debtors. ) | |

## ORDER DISMISSING APPEAL

Before the Court is the appeal of the Bankruptcy Court's Minutes of Electronically Recorded Proceeding (the "Minutes"). On May 31, 2024, this Court entered a Limited Remand Order directing Appellant to seek from the Bankruptcy Court a supplemental statement as to whether the Bankruptcy Court intended the injunction to be: (i) a preliminary injunction in the sense that further hearing on a permanent injunction will follow, (ii) an injunction preserving the status quo pending the investigation, after which the need for such an injunction will be reexamined, or (iii) a permanent injunction. In response, on June 25, 2024, the Bankruptcy Court entered its Order Vacating Injunction. For the reasons stated below, the Court now dismisses this appeal for lack of jurisdiction.

The Tenth Circuit Court of Appeals recognizes a federal court must "satisfy itself of its power to adjudicate in every case and at every stage of the proceedings

and the court is not bound by the acts or pleadings of the parties." *Johnson v. Riveland*, 855 F.2d 1477, 1480 (10th Cir. 1988) (quoting *Tafoya v. United States Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)).  "Under the constitutional-mootness doctrine, a federal court has jurisdiction over only 'cases' and 'controversies.'" *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1121 (10th Cir. 2010) (quoting U.S. Const. art. III, § 2, cl. 1).  Without a live, concrete controversy, courts lack jurisdiction to consider claims no matter how meritorious.  *Id.* at 1109 ("The crucial question is whether granting a *present* determination of the issues offered will have some effect in the real world.").  The central inquiry in determining whether a controversy exists is whether the "circumstances [have] changed since the beginning of litigation that forestall any occasion for meaningful relief."  *Id.* at 1122.

Here, Appellant challenges only the Bankruptcy Court's issuance of the injunction.  Now that the Bankruptcy Court has vacated the injunction, there is no meaningful or effectual relief that this Court could grant.  Thus, the Court concludes the appeal is moot and must be dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, IT IS **ORDERED** that:

1. This appeal is **DISMISSED** for lack of jurisdiction.
2. All deadlines pending in this appeal are **VACATED**.

DATED:  June 28, 2024

BY THE COURT:

Nina Y. Wang
United States District Judge